IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VIFOR FRESENIUS MEDICAL CARE RENAL PHARMA LTD. and VIFOR FRESENIUS MEDICAL CARE RENAL PHARMA FRANCE S.A.S., <br><br> Plaintiffs, <br><br> v. <br><br> LUPIN PHARMACEUTICALS, INC., LUPIN LIMITED, and Lupin Inc., <br><br> Defendants. | C.A. No. 20-697-MN |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Vifor Fresenius Medical Care Renal Pharma Ltd. ("VFMCRP Switzerland") and Vifor Fresenius Medical Care Renal Pharma France S.A.S. ("VFMCRP France") (collectively, "Plaintiffs" or "Vifor Fresenius") hereby assert the following claims for patent infringement against Defendants Lupin Pharmaceuticals, Inc. ("Lupin Pharmaceuticals"), Lupin Limited and Lupin Inc., (collectively, "Lupin"), and allege as follows:

**NATURE OF THE ACTION**

1.      This is an action for infringement of U.S. Patent No. 10,624,855 ("the '855 patent" or "the Patent-in-Suit") under the laws of the United States, 35 U.S.C. § 100, *et seq.* arising from Lupin's filing of Abbreviated New Drug Applications ("ANDAs") with the United States Food and Drug Administration ("FDA") seeking approval to commercially market generic versions of Plaintiffs' VELPHORO® drug product prior to the expiration of the Patent-in-Suit.

## THE PARTIES

2. Plaintiff VFMCRP Switzerland is a corporation organized and existing under the laws of Switzerland with its principal place of business at Rechenstrasse 37, CH-9014 St. Gallen, Switzerland.

3. Plaintiff VFMCRP France is a simplified joint stock company (*société par actions simplifiée*) organized and existing under the laws of the Republic of France which has its principal place of business at Tour Franklin, 100-101 Terrasse Boieldieu, La Défense 8, F-92042 Paris La Défense, France. VFMCRP France is a wholly-owned subsidiary of VFMCRP Switzerland.

4. On information and belief, defendant Lupin Pharmaceuticals is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at Harborplace Tower, 111 South Calvert Street, Baltimore, Maryland 21202. On information and belief, Lupin Pharmaceuticals is in the business of, among other things, manufacturing and selling generic copies of branded pharmaceutical products for the U.S. market.

5. On information and belief, defendant Lupin Limited is a corporation organized and existing under the laws of India, having a principal place of business at 3rd Floor, Kalpataru Inspire, Off. Western Expressway Highway, Santacruz (East), Mumbai 400 055, India.

6. On information and belief, defendant Lupin Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at Harbor Place Tower, 111 South Calvert Street, 21st Floor, Baltimore, Maryland 21202. Upon information and belief, Lupin Inc. has been transferred all rights to Lupin's ANDA, and is in the business of, among other things, manufacturing generic copies of branded pharmaceutical products that are marketed throughout the United States including in this Judicial District.

**THE PATENT-IN-SUIT**

7. On April 21, 2020, the United States Patent and Trademark Office ("PTO") issued U.S. Patent No. 10,624,855, entitled "Pharmaceutical Composition, Comprising Phosphate Binder Particles." The inventors of the '855 Patent are Erik Philipp and Laurent Chofflon. VFMCRP Switzerland is the assignee of the '855 patent. A copy of the '855 patent is attached hereto as Exhibit A.

**THE VELPHORO® DRUG PRODUCT**

8. VFMCRP France holds an approved New Drug Application ("NDA") under Section 505(a) of the Federal Food, Drug and Cosmetic Act ("FFDCA"), 21 U.S.C. § 355(a), for sucroferric oxyhydroxide chewable tablets, 500 mg (NDA No. 205109), sold under the trade name VELPHORO®. VELPHORO® is a phosphate binder indicated for the control of serum phosphorus levels in patients with chronic kidney disease on dialysis. VFMCRP France received approval for VELPHORO® from the FDA in November 2013.

9. The claims of the Patent-in-Suit cover, *inter alia*, pharmaceutical formulations containing sucroferric oxyhydroxide particles.

10. Pursuant to 21 U.S.C. § 355(b)(1) and attendant FDA regulations, the Patent-in-Suit is listed in the FDA publication, "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book"), in connection with VELPHORO®.

**ACTS GIVING RISE TO THIS ACTION**

11. On information and belief, Lupin Atlantis Pharmaceuticals SA submitted Abbreviated New Drug Application No. 211386 (the "Lupin ANDA") to the FDA under § 505(j) of the FFDCA (21 U.S.C. § 355(j)). On information and belief, as of September 28, 2020, the applicant for the Lupin ANDA is Lupin Inc. On information and belief, the Lupin ANDA seeks approval to engage in the commercial manufacture, use, offer for sale, and/or sale of a

sucroferric oxyhydroxide chewable tablets, 500 mg, (the "Lupin Proposed ANDA Product"), a generic version of VELPHORO®. The Lupin ANDA specifically seeks FDA approval to market the Lupin Proposed ANDA Product prior to the expiration of the Patent-in Suit.

12. On information and belief, following any FDA approval of the Lupin ANDA, Lupin will make, use, offer to sell, or sell the Lupin Proposed ANDA Product throughout the United States, or import such generic products into the United States.

13. On or about May 13, 2020, Vifor Fresenius received a letter dated May 11, 2020 from Lupin's counsel stating that the Lupin ANDA includes a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) (the "Lupin Paragraph IV Certification"), which provides that, in Lupin's opinion, the Patent-in-Suit is "invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use or sale" of the Lupin Proposed ANDA Product.

14. This action is being commenced before the expiration of 45 days from the date Vifor Fresenius received the Lupin Paragraph IV Certification.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over the matters asserted herein under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

16. This Court has personal jurisdiction over Lupin Pharmaceuticals because, *inter alia*, Lupin Pharmaceuticals is a corporation organized and existing under the laws of the State of Delaware.

17. On information and belief, Lupin Pharmaceuticals has previously invoked, stipulated, and/or consented to personal jurisdiction in this Judicial District in prior patent cases. On information and belief, Lupin Pharmaceuticals has been sued for patent infringement in this District and did not contest personal jurisdiction in this District in at least the following cases:

*Vifor Fresenius Medical Care Renal Pharma Ltd. et al v. Lupin Atlantis Holdings SA et al*, C.A. No. 18-cv-00390-MN (D. Del.).

18. This Court has personal jurisdiction over Lupin Limited because, *inter alia*, it: (1) has purposefully availed itself of the privilege of doing business in Delaware, including directly or indirectly through its subsidiaries, agents, and/or alter egos, including Lupin Pharmaceuticals, and (2) maintains extensive and systematic contacts with the State of Delaware, including the marketing, distribution, and/or sale of generic pharmaceutical drugs in Delaware including through, directly or indirectly, Lupin Pharmaceuticals.

19. On information and belief, Lupin Limited has previously invoked, stipulated, and/or consented to personal jurisdiction in this Judicial District in prior patent cases. On information and belief, Lupin Limited has been sued for patent infringement in this District and did not contest personal jurisdiction in this District in at least the following cases: *Novartis Pharm. Corp. v. Alkem Labs. Ltd.*, C.A. No. 19-cv-01979-LPS (D. Del.); *Boehringer Ingelheim Pharm. Inc. v. Lupin Ltd.*, C.A. No. 19-cv-01497-CFC (D. Del.); *Keryx Biopharmaceuticals, Inc. v. Lupin Ltd.*, C.A. No. 18-cv-01968-LPS (D. Del.).

20. In the alternative, this Court has jurisdiction over Lupin Limited because the requirements of Federal Rule of Civil Procedure 4(k)(2)(A) are met as (a) Vifor Fresenius's claims arise under federal law; (b) Lupin Limited is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Lupin Limited has sufficient contacts with the United States as a whole, including, but not limited to, directing and/or participating in the preparation and submission of the Lupin ANDA for the Lupin Proposed ANDA Product to the FDA and/or manufacturing and/or selling pharmaceutical products distributed throughout the

United States, such that this Court's exercise of jurisdiction over Lupin Limited satisfies due process.

21. This Court has personal jurisdiction over Lupin Inc. because, *inter alia*, Lupin Inc. is a corporation organized and existing under the laws of the State of Delaware.

22. This Court also has personal jurisdiction over Lupin Pharmaceuticals, Inc., Lupin Limited, and Lupin Inc. because, on information and belief, each work in concert with respect to the regulatory approval, manufacturing, marketing, sale, and distribution of generic pharmaceutical products throughout the United States, including in this Judicial District

23. This Court also has personal jurisdiction over Lupin Pharmaceuticals, Inc., Lupin Limited, and Lupin Inc. because, on information and belief, each such Defendant, upon approval of the Lupin ANDA, will commit or will aid, abet, contribute to, or participate in future tortious acts of patent infringement permitted under the Lupin ANDA that will be purposefully directed at Delaware, including the marketing of the Lupin Proposed ANDA Product in Delaware, prior to the expiration of the '855 patent.

24. This Court also has personal jurisdiction over Lupin Pharmaceuticals, Inc., Lupin Limited, and Lupin Inc. because, on information and belief, each such Defendant's affiliations with the State of Delaware, including Lupin Pharmaceuticals, Inc.'s and Lupin Inc.'s incorporation in Delaware and Lupin Limited's ownership of and actions in concert with Lupin Pharmaceuticals, Inc., are sufficiently continuous and systematic as to render each such Defendant essentially at home in this forum.

25. Venue is proper for Lupin Pharmaceuticals under 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Lupin Pharmaceuticals is a corporation organized and existing under the laws of the State of Delaware.

26.     Venue is proper for Lupin Limited under 28 U.S.C. §§ 1391 and/or 1400(b), including because, *inter alia,* Lupin Limited is a foreign corporation and is subject to personal jurisdiction in this Judicial District, as set forth above.  In addition, Lupin Limited has committed an act of infringement and will commit further acts of infringement in this Judicial District, as set forth in paragraph 17 above, and continuously transacts business in this Judicial District, as set forth in paragraphs 20-22 above.

27.     Venue is proper for Lupin Inc. under 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Lupin Inc. is a corporation organized and existing under the laws of the State of Delaware.

### COUNT I: INFRINGEMENT OF THE '855 PATENT

28.     Vifor Fresenius repeats and realleges paragraphs 1-28 above as if fully set forth herein.

29.     By the filing of Lupin's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of the Lupin Proposed ANDA Product before the expiration of the '855 patent, Lupin committed an act of infringement under 35 U.S.C. § 271(e)(2).

30.     On information and belief, if Lupin commercially makes, uses, offers to sell, or sells the Lupin Proposed ANDA Product within the United States, or imports the Lupin Proposed ANDA Product into the United States, or induces or contributes to any such conduct during the term of the '855 patent, Lupin will further infringe at least claim 1 of the '855 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).  Upon information and belief, Lupin's ANDA Product is a pharmaceutical composition in the form of a chewable tablet for oral administration comprising sucroferric oxyhydroxide particles, wherein at least 60% by volume of the particles have a particle size within the range of 4 to 200 μm, the d50 particle size distribution by volume of the

particles is in the range of 40 µm to 100 µm, with a disintegration time of less than 30 minutes according to the European Pharmacopeia 04/2011:20901, and weighs between 2000 to 3000 mg per tablet, thereby infringing at least claim 1 of the '855 patent.

31. Lupin Pharmaceuticals and Lupin Limited have had knowledge of the '855 patent by at least the date of service of the original Complaint. Lupin Inc. has had knowledge of the '855 patent by at least the date of service of this First Amended Complaint.

32. Plaintiffs will be irreparably harmed if Lupin is not enjoined from making, selling, using or importing the Lupin Proposed ANDA Product, which upon information and belief will infringe the '855 patent. Plaintiffs do not have an adequate remedy at law.

### COUNT II: DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '855 PATENT

33. Plaintiffs repeat and reallege paragraphs 1-33 above as if fully set forth herein.

34. On information and belief, Lupin has made and will continue to make substantial and meaningful preparations to manufacture, use, offer to sell, or sell its Proposed ANDA Product prior to the expiration of the '855 patent. An actual and substantial controversy has arisen and now exists between the parties concerning whether Lupin's planned manufacture, use, offer to sell, or sale the Lupin Proposed ANDA Product within the United States, including in Delaware, or importation of the Lupin Proposed ANDA Product into the United States, including in Delaware, or inducement or contribution to any such conduct during the term of the '855 patent, infringes any valid claim of the '855 patent, either directly or indirectly, literally, under the doctrine of equivalents, or otherwise.

35. Plaintiffs seek a declaratory judgment that Lupin's manufacture, use, offer to sell, or sale of the Lupin Proposed ANDA Product within the United States or importation of the

Lupin Proposed ANDA Product into the United States will infringe one or more claims, including but not limited to claim 1 of the '855 patent under 35 U.S.C. § 271(a), (b), and/or (c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

A. A Judgment that Lupin has infringed one or more claims of the '855 patent by filing the Lupin ANDA;

B. A Judgment that Lupin has infringed, and that Lupin's making, using, offering to sell, selling, or importing the Lupin Proposed ANDA Product would constitute infringement of one or more claims of the '855 patent, and/or induce or contribute to the infringement of one or more claims of the '855 patent pursuant to 35 U.S.C. §§ 271(a), (b) and/or (c);

C. A permanent injunction restraining and enjoining Lupin, and its officers, agents, attorneys, and employees, and those acting in privity or concert with them, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of the Lupin Proposed ANDA Product until after the expiration of the '855 patent, or any later expiration of exclusivity to which Plaintiffs are or become entitled;

D. An Order that the effective date of any approval of the Lupin ANDA relating to the Lupin Proposed ANDA Product be a date that is not earlier than the expiration date of the '855 patent as extended plus any other regulatory exclusivity to which Plaintiffs are or become entitled;

E. Such other and further relief as the Court may deem just and proper.

Date:  November 25, 2020

OF COUNSEL:

Raymond N. Nimrod
Steven C. Cherny
Matthew A. Traupman
Geoffrey A. Kirsner
QUINN EMANUEL
 URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

Lauren N. Martin
QUINN EMANUEL
 URQUHART & SULLIVAN, LLP
111 Huntington Ave, Suite 520
Boston, MA 02199
(617) 712-7100

Nancy Zhang
QUINN EMANUEL
 URQUHART & SULLIVAN, LLP
50 California St #22
San Francisco, CA 94111
(415) 875-6600

FARNAN LLP

*s/ Brian E. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market Str., 12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiffs Vifor Fresenius Medical Care Renal Pharma, Ltd. and Vifor Fresenius Medical Care Renal Pharma France S.A.S.*